**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**CRUZ NUNN, #121736**                                                                    **PETITIONER**

**VERSUS**                                                 **CIVIL ACTION NO. 2:10-cv-66-KS-MTP**

**CHRISTOPHER EPPS, et al.**                                                  **RESPONDENTS**

<u>MEMORANDUM OPINION AND ORDER</u>

On March 29, 2010, Petitioner filed a request for habeas relief pursuant to 28 U.S.C. § 2254. On March 30, 2010, an order [2] was entered directing Petitioner to file an application to proceed *in forma pauperis* or to pay the $5.00 filing fee, on or before April 21, 2010. The Petitioner was warned in this Court's order [2] of March 30, 2010, that failure to timely comply with the requirements of the Court's order may lead to the dismissal of his petition. Petitioner failed to comply with this order [2].

On May 7, 2010, this Court entered an order [3] directing Petitioner to show cause why this cause should not be dismissed for Petitioner's failure to comply with the March 30, 2010, order [2]. Petitioner was also directed to comply with the March 30, 2010, order [2] by filing a completed certificate to proceed *in forma pauperis* or paying the $5.00 filing fee, on or before May 28, 2010. The Petitioner was warned in this Court's order [3] of May 7, 2010, that failure to timely comply with the requirements of the order may result in this cause being dismissed. Petitioner failed to comply with this order [3].

Since Petitioner is proceeding *pro se*, he was given another opportunity to comply with this Court's order [2] of March 30, 2010, in a final order to show cause [4] entered June 22, 2010. This Court's order [4] directed Petitioner to show cause why this case should not be dismissed

for his failure to comply with the Court's orders [2, 3] of March 30, 2010, and May 7, 2010. In addition, Petitioner was directed to comply with this Court's order [2] of March 30, 2010, by filing completed certificate to proceed *in forma pauperis* or paying the $5.00 filing fee, on or before July 13, 2010. Petitioner was warned in this Court's order [4] of June 22, 2010, that failure to advise this Court of a change of address or failure to timely comply with the requirements of the order would result in this cause being dismissed. Petitioner failed to comply with this order [4].

     Petitioner has failed to comply with three Court orders and has not contacted this Court since March 29, 2010. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with Court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

     The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Respondents have not been called on to respond to Petitioner's pleading, and the Court has not considered the merits of Petitioner's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x

265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED AND ADJUDGED, this the  6th  day of August, 2010.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE